This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41487**

**STATE OF NEW MEXICO,**

        Plaintiff-Appellee,

v.

**JONATHAN ALTON BARLOW,**

        Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Jason Lidyard, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Tyler Sciara, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Defendant appeals the district court's judgment and sentence. In our first notice of proposed summary disposition, we proposed to affirm. Defendant filed a memorandum in opposition and a motion to amend to include a challenge to the legality of his trespass conviction. We granted Defendant's motion to amend and issued a second notice of proposed summary disposition, proposing to affirm in part and reverse

in part. Defendant has filed a memorandum in opposition and the State has filed a memorandum in support, both of which we have duly considered. As we are not persuaded by Defendant's arguments, we affirm in part and reverse in part.

{2}     In our second notice of proposed summary disposition, we proposed to reverse Defendant's conviction for criminal trespass because it appeared to be based upon an entry or presence of a vehicle, contrary to the language in the relevant statute and case law. [2CN 2-4] The State notes no opposition to our proposed reversal of the trespass conviction and affirmance of Defendant's remaining convictions. In his memorandum in opposition, Defendant indicates his support for reversal of the trespass conviction, while referencing the arguments set forth in his first memorandum in opposition as to the remaining convictions. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683; *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Defendant has not met that burden as to the remaining convictions.

{3}     Thus, for the reasons stated here and in our notices of proposed summary disposition, we affirm Defendant's convictions for second degree murder, aggravated assault upon a peace officer, and aggravated assault with a deadly weapon. We vacate Defendant's conviction for criminal trespass and remand for further proceedings consistent with this opinion.

{4}     IT IS SO ORDERED.

ZACHARY A. IVES, Judge

WE CONCUR:

JENNIFER L. ATTREP, Chief Judge

GERALD E. BACA, Judge